UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| DOUGLAS DAY, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 1:19-CV-_____ |
| vs. | ) |
| | ) |
| SOUTHERN ELECTRICAL RETIREMENT FUND BOARD OF TRUSTEES, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff Douglas M. Day ("Plaintiff"), pursuant to Fed. R. Civ. P. 8, and hereby files this Complaint against Defendant Southern Electrical Retirement Fund Board of Trustees ("Defendant"), respectfully showing the Court as follows:

1.

Plaintiff brings this action pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, via *inter alia*, 29 U.S.C. § 1132(c), to receive civil document penalties for Defendant's failure in producing documents required by ERISA, 29 U.S.C. § 1024(b)(4), and to recover his attorney's fees and costs of bringing this action pursuant to 29 U.S.C. § 1132(g). This ERISA document penalties case is necessary because Defendant has failed and/or refused to

1

provide, upon written request, the governing Plan documents to Plaintiff.

## PARTIES

2.

Plaintiff Douglas M. Day is currently a resident of Augusta, Georgia.

3.

Southern Electrical Retirement Fund Board of Trustees is the plan administrator of the Southern Electrical Retirement Fund (the "Plan") and may be served with process via Southern Electrical Retirement Fund Board of Trustees, 3928 Volunteer Dr., Chattanooga, Tennessee, 37416.

## JURISDICTION AND VENUE

4.

This Court has jurisdiction over this action pursuant to 29 U.S.C. § 1132 and 28 U.S.C. § 1331.

5.

Venue is proper pursuant to 28 U.S.C. § 1391 and 29 U.S.C. § 1132(e)(2) because the breach took place here, and Defendant may be found in this District.

## FACTS

6.

The Plan qualifies as an employee pension benefit plan under ERISA, as defined by 29 U.S.C. § 1002(2).

2

7.

Defendant is the Plan Administrator of the Plan. Day to day Plan Administration duties are conducted in Chattanooga, Tennessee.

8.

On August 11, 2017, Plaintiff made a written request for the:

1) "SPD booklet" (Summary Plan Description), current edition,

2) 1993 "Trust Agreement[s]" or original copy of (the agreement between the employer (Stone & Webster) and the Trustee [SERF]),

3) 1993 or the original copy of the "Plan Document" (the document[s] that set up the plan initially drafted by Local Union 558 or a committee of their members),

4) 1993 or original copy of the "CBA" (Collective Bargaining Agreement, between Local Union 558 and the employer (Stone & Webster) FBO the union workers.

5) Also, any information on the "Claims filing Procedure."

A true and correct copy of this written request is attached hereto as Exhibit A.

9.

On October 30, 2017, Plaintiff made a second written request for the plan documents to Defendant, in its capacity as Plan Administrator of the Plan, seeking Plan documents required to be produced pursuant to 29 U.S.C. § 1024(b)(4). A true

3

and correct copy of this second written request is attached hereto as Exhibit B.

10.

Despite sending multiple follow-up correspondence, as of the date of this filing, Defendant has failed and/or refused to produce a full set of the requested Plan documents.

**COUNT I – DOCUMENT PENALTIES: 29 U.S.C. § 1132(c)**

11.

The allegations contained in Paragraphs 1, 6-10 above are re-alleged and incorporated by reference as if fully set forth herein.

12.

ERISA specifies that a Plan Administrator has thirty (30) days to comply with a participant's request "for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary." 29 U.S.C. § 1132(c)(1)(B). Failure to provide the requested documents entitles a participant to petition the Court for the $110.00 per day penalty under 29 U.S.C. § 1132(c)(3), as modified by the governing regulations at 29 C.F.R. § 2575.502c-1.

13.

Under federal law, a Plan Administrator is subject to penalties under 29 U.S.C. § 1132(c)(1)(B) for its failure to comply with a beneficiary's request for Plan documents, including the Plan, the summary plan description, and any other

documents under which the Plan is administered pursuant to 29 U.S.C. § 1024(b)(4).

14.

Plaintiff made a written request to the Plan Administrator for Plan documents and other documents under which the Plan is administered by correspondence dated August 11, 2017.

15.

On October 30, 2017, Plaintiff made a second written request for the plan documents to Defendant, in its capacity as Plan Administrator of the Plan, seeking Plan documents required to be produced pursuant to 29 U.S.C. § 1024(b)(4). To date, the Plan Administrator has failed and/or refused to produce a full set of the requested Plan documents.

16.

More than two years have passed from Plaintiff's first written request pursuant to 29 U.S.C. § 1024(b)(4) and the Plan Administrator has failed and/or refused to this day to produce any of the foregoing requested Plan documents.

17.

Plaintiff is entitled, pursuant to the Court's discretion granted by 29 U.S.C. § 1132(c)(3), to have penalties levied against the Plan Administrator in the amount of $110.00 for each day, after the 30th day, for these violations.

## COUNT II – ATTORNEY'S FEES – 29 U.S.C. § 1132(g)

18.

The allegations contained in Paragraphs 1, 6-10, 11-17 above are re-alleged and incorporated by reference as if fully set forth herein.

19.

29 U.S.C. § 1132(g) provides that the Court may award reasonable attorney's fees and costs for bringing this action.

20.

Defendant's violation of ERISA has caused Plaintiff to incur litigation costs and attorney's fees to remedy the breach herein.

21.

This Court should award Plaintiff his reasonable attorney's fees and the costs of bringing this action

WHEREFORE, Plaintiff Douglas M. Day prays that the Court:

(a) Issue a directive forcing Defendant to produce all Plan documents previously requested by Plaintiff, to which he is entitled by law and/or the Plan;

(b) Award Plaintiff $110/day for each day the Plan Administrator has failed and/or refused to produce such Plan documents as provided by law and/or the Plan;

(c) Award all applicable pre- and post-judgment interest;

(d) Award Plaintiff the reasonable costs and expenses of this action,

including reasonable attorney's fees pursuant to 29 U.S.C. § 1132(g); and

(e) Grant such other and further relief as this Court deems just and appropriate.

Respectfully submitted, this 3rd day of September, 2019.

                                      /s/ Nancy B. Pridgen
                                      Nancy B. Pridgen, Esq.
                                      Georgia Bar No. 587949
                                      Jonathan D. Loegel
                                      Georgia Bar No. 755706

PRIDGEN LAW GROUP
One Glenlake Parkway, Suite 650
Atlanta, Georgia 30328
Phone: 404-551-5884
Fax: 678-812-3654
Email: nancy@pridgenlaw.com
        jonathan@pridgenlaw.com

*Counsel for Plaintiff*