# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| DOUGLAS DAY, | ) |
| *Plaintiff*, | ) Case No. 1:19-cv-253 |
| v. | ) Judges Varlan/Steger |
| SOUTHERN ELECTRICAL RETIREMENT FUND BOARD OF TRUSTEES, | ) |
| *Defendant*. | ) |

## REPORT AND RECOMMENDATION

**I.   Introduction**

This case involves an employee-pension benefits plan administered by the Southern Electrical Retirement Fund Board of Trustees ("SERF"). Plaintiff Douglas Day ("Day") is a recipient under SERF's benefit plan. Day claims that SERF failed to credit him for work that he performed as a journeyman in 1987, 1988, and 1993. As a result of not receiving credit for that work, Day asserts that SERF undervalued his pension. On that basis, Day filed the present lawsuit asserting violations under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132 *et. seq.* [Doc. 1].

SERF responded to the complaint with a motion to dismiss [Doc. 9] arguing that Day's claim under 29 U.S.C. § 1132(c) is time-barred [Doc. 10]. Day then amended his complaint to add a claim under 29 U.S.C. § 1132(a)(1)(B). [Doc. 15]. As before, SERF responded with motion to dismiss [Doc. 21] in which it argued that Day's § 1132(a)(1)(B) claim should be dismissed for failure to exhaust his administrative remedies under ERISA. [Doc. 22].

1

United States District Judge Thomas A. Varlan referred SERF's 12(b)(6) motions to the undersigned for a report and recommendation under 28 U.S.C. § 636(b). [Doc. 26]. After careful consideration, the undersigned will recommend that SERF's Motion to Dismiss [Doc. 9] be granted and Day's claim under 29 U.S.C. § 1132(c) be dismissed *with* prejudice; and that SERF's Motion to Dismiss the First Amended Complaint [Doc. 21] be granted and Day's 29 U.S.C. § 1132(a)(1)(B) claim be dismissed *without* prejudice.

I. Facts

In 1987, 1988, and 1993, Day worked as a journeyman at the Brown's Ferry Nuclear Power Plant ("Brown's Ferry"). In 2015 and 2016, Day retrospectively compiled documents recreating his work history. Day claims that the work he performed at Brown's Ferry should have been credited to him for purposes of his pension benefits through Local Union 538, and further, that SERF failed to give him credit for this claimed work. As a result, Day argues that SERF undervalued his pension.

Day wrote to SERF in August 2017 requesting certain documents related to the pension plan. SERF did not respond to that letter or otherwise comply with the request. Day then made a second request to SERF in October 2017. Again, SERF did not respond or comply. In August 2019, SERF began paying Day his pension benefits; however, such benefits did not include credit for the work Day claims to have performed in 1987, 1988 and 1993. One month after commencement of the payment of his pension benefits, Day realized that his pension was underfunded and filed this lawsuit in September 2019. [Doc. 1].

Day relied upon 29 U.S.C. § 1132(c)(3) to claim that he is entitled to penalty payments at a rate of $110.00 per day for SERF's failure to disclose the pension-plan documents in August and October 2017. In response, SERF filed a 12(b)(6) motion to dismiss arguing that Day's 29 U.S.C.

§ 1132(c)(3) claim is time-barred. Day relied upon *Tibble v. Edison International et al.*, 575 U.S. 523 (2015), in countering that his claim was timely under a "continuing violation" theory. [Doc. 14]. SERF replied that the holding in *Tibble* is not applicable to this case. [Doc. 20].

In addition to penalty payments for SERF's failure to disclose, Day then amended his complaint to assert that, under 29 U.S.C. § 1132(a)(1)(B), he is entitled to credit for his previously-performed work. [Doc. 15]. As before, SERF responded with a motion to dismiss [Doc. 21] in which it argued that Day's § 1132(a)(1)(B) claim should be dismissed for failure to exhaust administrative remedies under ERISA. [Doc. 22]. Day conceded this point, but asked the Court to stay the case so that he could initiate and complete the administrative process. [Doc. 24]. SERF responded that the granting of a stay is generally limited to cases seeking a correction of procedural errors in the administrative process—and that such a stay would not be appropriate in the present situation where the plaintiff circumvented entirely the administrative process. [Doc. 25].

**II.     Analysis**

  **A.     Standard Under Rule 12(b)(6)**

Under Rule 12(b)(6), defendants bear "the burden of showing that the plaintiff has failed to state a claim for relief." *Crugher v. Prelesnik*, 761 F.3d 610, 614 (6th Cir. 2014) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plausibility "does not impose a probability requirement at the pleading stage." *Id.* at 556. Instead, a claim is plausible where the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the pleading stage, the Court must take all of the

3

factual allegations as true and construe the complaint in the plaintiff's favor. *Twombly*, 550 U.S. at 555–56.

## B. Overview of ERISA

The Employee Retirement Income Security Act, 29 U.S.C. §§ 1002 *et seq.*, is a comprehensive federal law governing employee benefits. ERISA regulates employee benefit plans that, "through the purchase of insurance or otherwise," provide medical, surgical, or hospital care, or benefits in the event of sickness, accident, disability or death. 29 U.S.C. § 1002(a).

The civil remedy enforcement scheme for ERISA is found at 29 U.S.C. § 1132. In particular, § 1132 allows plan participants to pursue a variety of claims, including "actions to recover benefits due under a plan (§ 1132(a)(1)(B)) or for equitable relief following ERISA violations (§ 1132(a)(3))." *Lewandowski v. Occidental Chem. Corp.*, 986 F.2d 1006, 1008 (6th Cir. 1993). Section 1132(a)(1)(A) permits participants to sue for relief under § 1132(c). *Id.* "Section 1132(c) empowers a court to impose a fixed penalty for ERISA procedural violations. This penalty, up to $100 per day, can be imposed on a plan administrator that fails to provide information, requested by a participant or beneficiary, that ERISA requires be provided." *Id.*

### 1. Day's failure-to-disclose claim is time-barred

Day relied upon 29 U.S.C. § 1132(c) to claim that he is entitled to the aforementioned penalty payments for SERF's failure to disclose the pension-plan documents in August and October 2017. More specifically, 29 U.S.C. § 1132(c)(1)(B) states the following:

> Any administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date

4

of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

29 U.S.C. § 1132(c)(1)(B).[1] So, while Day seemingly had a valid claim for penalty payments as a result of the SERF plan administrator's failure to furnish to him the material he requested in 2017, the question before the Court is whether Day asserted this claim in a timely manner.

ERISA contains no statute of limitations governing claims under this section, so courts look to the most analogous state statute of limitations. *Meade v. Pension Appeals & Review Comm.*, 966 F.2d 190 (6th Cir.1992); *Del Costello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 158 (1983). For 29 U.S.C. § 1132(c)(1) claims brought in Tennessee, the closest analogous state law is Tenn. Code Ann. § 28–3–104(a)(1)(C), which provides that actions for statutory penalties "shall be commenced within one (1) year after the cause of action accrued." Tenn. Code Ann. § 28–3–104(a)(1)(C). *See Gregory v. Goodman Mfg. Co., L.P*., No. 4:10-CV-23, 2011 WL 2006343, at \*5 (E.D. Tenn. May 2, 2011), *report and recommendation adopted*, No. 4:10-CV-23, 2011 WL 1988419 (E.D. Tenn. May 23, 2011) ("[A] one year statute of limitations applies to a claim for penalties brought in Tennessee under 29 U.S.C. § 1132(c)(1)."). Therefore, the Court finds that Day's claim under 29 U.S.C. § 1132(c) is subject to a one year statute of limitations.

The one-year limitations period begins to run when the plaintiff knew or had reason to know that the act providing the basis of his injury had occurred. *Howard v. Rea*, 111 Fed. Appx. 419, 421 (6th Cir. 2004) (quoting *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996)). "A plaintiff has reason to know of [their] injury when [they] should have discovered it through the exercise of reasonable diligence." *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005) (quoting *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984)). "Courts have taken a common-sense approach to

---

[1] As required by the Debt Collection Improvement Act of 1996, the $100 a day limit was increased to $110 for violations after July 29, 1997. *See* 62 Fed.Reg. 40696.

this task, inquiring as 'to what event should have alerted the typical lay person to protect his or her rights.'" *Id.* (quoting *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 548 (6th Cir. 2000)).

There are two events giving rise to Day's claim under 29 U.S.C. § 1132(c) for penalties; however, both are outside the one-year limitations period. In making this determination, the Court notes that Day's failure-to-disclose claim did not arise when he discovered that his pension was undervalued. Rather, the claim arose when SERF failed to respond to his requests for documents. More specifically, Day first wrote to SERF on August 11, 2017, and then followed with another written request on October 30, 2017. Both of these written requests sought documents under 29 U.S.C. § 1024(b)(4). [Doc. 15 at PageID #: 72]. SERF had 30 days to respond to each of Day's requests. *See* 29 U.S.C. § 1132(c) ("An[ ] administrator . . . [shall] furnish [plan information] to a participant or beneficiary . . . by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days . . . .").

It follows then that the one year statute of limitations with respect to the first written request began running on September 11, 2017, and—with respect to the second written request—on November 29, 2017. To sue SERF within the one-year statute of limitations, Day needed to file his lawsuit within one year after November 29, 2017. In fact, he did not file his lawsuit until September 3, 2019—approximately ten months after the statute of limitations had already ran. [*See* Docs. 1, 15]. In his pleadings, Day concedes that his claim is untimely: "More than two years have passed from Plaintiff's first written request . . . ." [Doc. 15 at PageID #: 72]. *See Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) ("[when] allegations in the complaint affirmatively show that the claim is time-barred . . . dismiss[al] under Rule 12(b)(6) is appropriate.").

Because Day filed his § 1132(c) claim for penalties ten months after the one-year limitations period expired, the undersigned will recommend that Day's § 1132(c) claim be

dismissed with prejudice. *See Fallin v. Commonwealth Indus., Inc. Cash Balance Plan*, 521 F. Supp. 2d 592, 600 (W.D. Ky. 2007), *aff'd sub nom. Fallin v. Commonwealth Indus., Inc.*, 695 F.3d 512 (6th Cir. 2012) (dismissing plaintiff's time-barred ERISA claim with prejudice).

### 2. The continuing violation theory does not apply

In an effort to avoid SERF's statute of limitations defense, Day relies upon the U.S. Supreme Court's ruling in *Tibble v. Edison Int'l*, 575 U.S. 523, 135 S. Ct. 1823, 1829, 191 L. Ed. 2d 795 (2015), for the proposition that SERF had a continuing fiduciary duty to provide the documents that Day requested, and that the initiating event for the running of the one-year statute of limitations commenced anew each day that SERF did not produce the requested documents. [*See* Doc. 14 at PageID #: 63]. Day's reliance upon *Tibble* to assert this continuing violation theory is misplaced.

In *Tibble*, the plaintiff sued the administrator of an ERISA-governed fund claiming that the administrator had breached its fiduciary duty by failing to properly monitor the investments in the fund. This breach of fiduciary duty claim was governed by ERISA's six-year statute of repose, 29 U.S.C. § 1113 (not the statute of limitations period applicable to § 1132(c) claims). *See Durand v. Hanover Ins. Grp., Inc.*, 806 F.3d 367, 376 (6th Cir. 2015) ("ERISA specifies a three- or six-year limitations period for claims of breach of fiduciary duty."). Ultimately, the Supreme Court in *Tibble* ruled that:

> . . . a fiduciary normally has a continuing duty of some kind to monitor investments and remove imprudent ones. A plaintiff may allege that a fiduciary breached the duty of prudence by failing to properly monitor investments and remove imprudent ones. In such a case, so long as the alleged breach of the continuing duty occurred within six years of suit, the claim is timely.
>
> *Tibble v. Edison Int'l*, 575 U.S. 523, 135 S. Ct. 1823, 1828–29, 191 L. Ed. 2d 795 (2015).

In other words, the Court, in *Tibble*, found that the fiduciary had a continuing duty to affirmatively add sound investments to, and remove poor investments from, the fund. At any point along the continuum when the plan administrator breached its fiduciary duty, a new violation would occur which would trigger the commencement of a new 6-year statute of limitations period. Thus, the plaintiff in *Tibble* was able to argue that the continuing violation theory worked to prevent the running of the statute of limitations in that case.

The Supreme Court's application of the continuing violation theory in *Tibble* does not extend to Day's claim under 29 U.S.C. § 1132(c). As indicated, Day's claim for a $110 per day penalty arises from 29 U.S.C. § 1132(c)(1)(B), which provides in relevant part that a plan administrator "who fails . . . to comply with a request for . . . information . . . by mailing the material [to] . . . the requesting participant . . . within 30 days after such request may . . . [be] liable to such participant . . . in the amount of up to $100 a day from the date of such failure . . . ." The plan administrator's obligation to furnish the requested information arises on a date certain, and the potential penalties run from that specific date. The statute of limitations (one year in Tennessee) begins to run from a specific date 30 days after the request is made provided that the administrator fails to comply with the request.

Courts have repeatedly limited *Tibble*'s application to investment decisions and have not extended its application to the sort of information-providing obligation imposed upon a plan administrator by 29 U.S.C. § 1132(c). *See, e.g.*, *Cassell v. Vanderbilt Univ.*, 285 F. Supp. 3d 1056, 1068 n. 8 (M.D. Tenn. 2018) (concluding that *Tibble* did not overrule prior precedent declining to apply continuing violation theory to ERISA prohibited transaction claims); *Bryant v. Gen. Elec.*, 2018 WL 894033, at *3 (M.D. Ga. Feb. 14, 2018) (noting that *Tibble* is inapplicable where plaintiff

has not alleged a "continuing violation of a fiduciary duty—such as a duty to manage Plaintiff's investments."); *White v. Chevron Corp.*, No. 16-CV-0793-PJH, 2017 WL 2352137, at *22 (N.D. Cal. May 31, 2017), *aff'd*, 752 F. App'x 453 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 2646, 204 L. Ed. 2d 284 (2019) ("[T]he cited ruling in *Tibble* [] is inapplicable [to prohibited transaction claims] as it is tethered to the "duty to monitor" incorporated into § 1104's duty of prudence."); *Hartquist v. Emerson Elec. Co.*, No. 1:11CV1067, 2016 WL 1312028, at *7 (M.D.N.C. Mar. 31, 2016) ("[A] failure to provide notice or provide information or documents as required is not treated as a continuing violation."); *Pierce v. Visteon Corp.*, 2007 WL 2986123, at *4 (S.D. Ind. Oct. 9, 2007) (refusing to apply continuing violation theory to § 1132(c) claim because "[i]t is this single act [of failing to provide documents] that gives rise to the statutory [damages]; it is not 'a numerous and continuous series of events' that triggers application of the damages statute").

Put simply, Day's reliance upon *Tibble* to assert a continuing violation theory that would enable him to avoid the one-year statute of limitations is misplaced. The continuing violation theory is not applicable to a claim brought under 29 U.S.C. § 1132(c), and the one-year statute of limitations bars Day's claim under that provision.

### 3. Day failed to exhaust his administrative remedies

Day's sole remaining claim is based upon 29 U.S.C. § 1132(a)(1)(B), and asserts that his pension benefits were undervalued as a result of the plan administrator's failure to include time that he worked. [Doc. 15 at PageID #: 73-74]. *See* 29 U.S.C. § 1132(a)(1)(B) (permitting a "participant or beneficiary" to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.").

9

Although this claim was asserted in a timely manner, SERF contends that the claim is, nevertheless, subject to dismissal under Fed. R. Civ. P. 12(b)(6) because Day failed to exhaust his administrative remedies before filing suit.[2] [Doc. 22 at PageID #: 94-96]. While not explicitly conceding SERF's argument, Day did so implicitly by asking the Court to stay the case pending exhaustion of his administrative remedies. [Doc. 24 at PageID #: 101].

ERISA requires plaintiffs to exhaust all available administrative remedies before filing suit in federal court. This exhaustion requirement "enables plan fiduciaries to efficiently manage their funds; correct their errors; interpret plan provisions; and assemble a factual record which will assist a court in reviewing the fiduciaries' actions." *Ravencraft v. UNUM Life Ins. Co. of Am.*, 212 F.3d 341, 343 (6th Cir. 2000) (quoting *Makar v. Health Care Corp.*, 872 F.2d 80, 83 (4th Cir. 1989)). Ensuring a complete factual record is of "particular importance because the court in an ERISA action is limited to a consideration of the evidence which was included in the record before the plan administrator." *Barix Clinics of Ohio, Inc. v. Longaberger Family of Companies Grp. Med. Plan*, 459 F. Supp. 2d 617, 622 (S.D. Ohio 2005).

ERISA employee-benefit plans are required to "afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate

---

[2] Courts disagree on whether failure to exhaust administrative remedies under ERISA is properly presented in a Rule 12(b)(6) motion. Some say that failure to exhaust is an affirmative defense best presented in a motion for summary judgment. *See Gunn v. Bluecross Blueshield of Tenn., Inc.*, 2012 WL 1711555, at *4 (E.D. Tenn. May 15, 2012); *Beamon v. Assurant Emp. Benefits*, 917 F. Supp. 2d 662, 666 (W.D. Mich. 2013). But, under this approach, where the issue of exhaustion appears from the face of the plaintiff's complaint, defendants may move to dismiss under Rule 12(b)(6). *See Beamon*, 917 F. Supp. 2d at 666 ("One exception to [the exhaustion requirement] is that an affirmative defense may be raised in a Rule 12(b)(6) motion without resort to summary judgment procedure, if the defense appears on the face of the complaint.") (internal quotations omitted). Other courts opine that 12(b)(6) is the appropriate vehicle for failure to exhaust—especially where defendants do not ask for judgment on the administrative record but instead seek dismissal for failure to exhaust. *Jordan v. Reliance Standard Life Ins. Co.*, 2018 WL 543041, at *3 (E.D. Tenn. Jan. 24, 2018); *see Weiner v. Klais & Co.*, 108 F.3d 86, 91 (6th Cir. 1997) (affirming dismissal of an ERISA claim for benefits because the plaintiff had "not alleged any factual basis" showing the exhaustion of remedies). Here, Rule 12(b)(6) is the appropriate avenue, and SERF's motions need not be converted to Rule 56 summary judgment motions because Day's failure to exhaust appears on the face of his amended complaint. *See Beamon*, 917 F. Supp. 2d at 666; *Jordan*, 2018 WL 543041 at *3.

named fiduciary of the decision denying the claim." 29 U.S.C. § 1133. In fact, "§ 1132(a)(1)(B), provides a contract-based cause of action to participants and beneficiaries to recover benefits, enforce rights, or clarify rights to future benefits under the terms of an employee benefit plan." *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 418 (6th Cir. 1998). Although the statute is silent on this point, "[t]he administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court." *Miller v. Metro. Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991); *see Hitchcock v. Cumberland Univ. 403(b) DC Plan*, 851 F.3d 552, 560 (6th Cir. 2017) (noting that the Sixth Circuit as well as other circuits have "read an exhaustion requirement into the [ERISA] statute."). Here, Day ignored this exhaustion requirement by completely bypassing SERF's administrative process and proceeding directly to federal court with his claim. ERISA mandates that he first submit his claim to SERF's administrative process before he can be allowed to proceed in federal court.[3] *See Miller*, 925 F.2d at 986.

Day concedes that he failed to pursue SERF's administrative process and now asks the Court to stay the case; however, dismissal is the appropriate remedy where a plaintiff fails to exhaust his administrative remedies before filing suit in federal court. *Weiner v. Klais & Co.*, 108 F.3d 86, 91 (6th Cir. 1997) ("We conclude that plaintiff should have exhausted the administrative remedies provided under the plans and, because he did not, dismissal of his action for recovery of benefits is proper."). *See Doran v. Joy Glob., Inc.*, 183 F. Supp. 3d 891, 897 (E.D. Tenn. 2016) ("Because the plaintiff has failed to exhaust his administrative remedies by filing a claim and appeal with the plan administrator, his action is hereby dismissed."); *Hill v. Metro Life Ins. Co.*,

---

[3] Exhaustion is excused when the administrative process is futile or the remedy is inadequate. To satisfy the high standard of futility, "[a] plaintiff must show that 'it is certain that his claim will be denied on appeal, not merely that he doubts that an appeal will result in a different decision.'" *Fallick*, 162 F.3d at 419 (citation omitted); *see also Commc'ns Workers of Am. v. AT&T*, 40 F.3d 426, 432 (D.C. Cir. 1994) ("The futility exception is . . . quite restricted and has been applied only when resort to administrative remedies is clearly useless.") (internal quotation marks and citations omitted). Neither party substantively raised the futility exception, so the Court need not address it.

327 F.Supp.2d 886, 889 (E.D. Tenn. 2004) ("In light of the undisputed fact that plaintiff has not exhausted her administrative remedies, the Court finds that defendant's motion to dismiss the amended complaint well-taken and should be granted.").

For the foregoing reasons, the undersigned will recommend that Day's § 1132(a)(1)(B) claim for the undervalued pension be dismissed without prejudice. *See Stacy v. Appalachian Reg'l Healthcare, Inc.*, 259 F. Supp. 3d 644, 658 (E.D. Ky. 2017) ("Dismissal without prejudice is only appropriate whenever a claim for benefits [under ERISA] can still be brought."); *Barix*, 459 F. Supp. 2d at 626 (dismissing an ERISA claim without prejudice for failure to exhaust administrative remedies).

### III.     Conclusion

For the reasons set forth above, it is hereby **RECOMMENDED** that:

1. SERF's Motion to Dismiss [Doc. 9] be **GRANTED** and Day's § 1132(c) claim be **DISMISSED WITH PREJUDICE**;

2. SERF's Motion to Dismiss the First Amended Complaint [Doc. 21] be **GRANTED** and Day's § 1132(a)(1)(B) claim be **DISMISSED WITHOUT PREJUDICE**; and

3. Judgment be entered in favor of SERF.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE