UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| DOUGLAS DAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 1:19-CV-253-TAV-CHS |
| | ) |
| SOUTHERN ELECTRICAL | ) |
| RETIREMENT FUND | ) |
| BOARD OF TRUSTEES, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This Employee Retirement Income Security Act ("ERISA") case is before the Court on the Report and Recommendation ("R&R") issued by the Honorable Christopher H. Steger, United States Magistrate Judge [Doc. 27]. In the R&R, Judge Steger recommends: (1) that defendant's first motion to dismiss [Doc. 9] be granted and plaintiff's 29 U.S.C. § 1132(c) claim be dismissed with prejudice and (2) that defendant's second motion to dismiss [Doc. 21] be granted and that plaintiff's 29 U.S.C. § 1132(a)(1)(B) claim be dismissed without prejudice. Plaintiff filed objections to the R&R [Doc. 28], and defendant responded [Doc. 24]. For the reasons discussed herein, the Court will **OVERRULE** plaintiff's objections, **ACCEPT IN WHOLE** the R&R, and **GRANT** defendant's motions to dismiss.

## I. Background

The Court presumes familiarity with this action and the R&R. Neither party objected to the magistrate judge's factual summary [Doc. 27 p. 2–3]. The Court, therefore, incorporates by reference the background section from the R&R.

## II. Standard of Review

A court must conduct a *de novo* review of those portions of a magistrate judge's report and recommendation to which a party objects unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). "Objections disputing the correctness of the magistrate's recommendation, but failing to specify the findings believed to be in error are too general and therefore insufficient." *Stamtec, Inc. v. Anson*, 296 F. App'x 516, 519 (6th Cir. 2008) (citation omitted). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by the magistrate judge. 28 U.S.C. § 636(b)(1).

## III. Analysis

Plaintiff raises three (3) objections to the R&R. He objects to: (1) the magistrate judge's conclusion that the continuing violation theory discussed in *Tibble v. Edison International*, 575 U.S. 523 (2015), does not apply to his § 1132(c) claim [Doc. 28 p. 2–5], (2) the failure to award plaintiff penalties under § 1132(c) for defendant's alleged failure to furnish requested information during the limitations period [*Id.* at 5–7], and (3) the magistrate judge's recommendation that plaintiff's claim for benefits be dismissed without

2

prejudice rather than stayed pending exhaustion of administrative remedies [*Id.* at 7–9]. The Court addresses each objection in turn.[1]

### A. Continuing Violation Theory

Plaintiff first objects to the magistrate judge's conclusion that the continuing violation theory discussed in *Tibble* does not apply to plaintiff's § 1132(c) claim [Doc. 28 p. 2–5]. It is undisputed that *Tibble* was decided in a different context than the instant case. This case involves a plan administrator's statutory obligation to timely provide requested information to plan participants under § 1132(c), whereas *Tibble*, as explained in more detail in the R&R, involved a fiduciary duty derived from the common law of trusts. Nevertheless, plaintiff urges the Court to apply the "accrual concepts" in *Tibble* to the instant case.

Plaintiff contends that "[n]othing in *Tibble* or its rationale indicates it is limited to its precise facts" [Doc. 28 p. 3], and plaintiff attempts to distinguish cases cited by the magistrate judge in support of his finding that "[c]ourts have repeatedly limited *Tibble*'s application to investment decisions and have not extended its application to the sort of information-providing obligation imposed upon a plan administrator by 29 U.S.C. § 1132(c)" [Doc. 27 p. 8 (collecting cases)]. However, the case law cited supports the magistrate judge's finding: District courts have not only limited the application of *Tibble*

---

[1] Defendant urges the Court to treat plaintiff's objections as waived, arguing that plaintiff's objections amount to nothing more than restatements of his arguments in the motions before the magistrate judge [Doc. 29 p. 1 & n.2]. While the Court agrees that plaintiff's objections mirror his arguments in the original motions in many aspects, the Court will analyze, and ultimately overrule, each of plaintiff's objections on the merits.

to its context but have also specifically declined to apply a continuing violation theory to § 1132(c) claims. *See Harquist v. Emerson Elec. Co.*, No. 1:11-cv-1067, 2016 WL 1312028, at *7 (M.D.N.C. Mar. 31, 2016) ("[A] failure to provide notice or provide information or documents as required is not treated as a continuing violation."); *Pierce v. Visteon Corp.*, No. 1:05-cv-1325, 2007 WL 2986123, at *4 (S.D. Ind. Oct. 9, 2007) (describing a similar case as involving "a single event that gives rise to continuing statutory damages, not a continuing serious of events that gives rise to damages each day").[2] And ultimately, plaintiff fails to identify *any* case involving a claim for penalties under § 1132(c) that applies a continuing violation theory, which seriously undermines his position that *Tibble* is properly applied here.

---

[2] Plaintiff makes much of the fact that *Pierce* was decided pre-*Tibble* and that *Harquist*, which was decided post-*Tibble*, does not discuss "*Tibble*'s implications" [Doc. 28 p. 4]. But the Court notes that, in addition to these two cases cited by the magistrate judge, multiple other cases, pre- and post-*Tibble*, hold that a continuing violation theory does not apply to § 1132(c) claims. *See, e.g.*, *Brady v. Dow Chem. Co. Ret. Bd.*, No. 2:18-cv-1268, 2019 WL 4464041, at *6 (S.D. W. Va. June 10, 2019) (finding that plaintiff's continuing violation theory lacks merit and does not alter the running of the statute of limitations on a § 1132(c) claim); *Reynolds v. Merrill Lynch Basic Long Term Disability Plan*, No. 15-109, 2015 WL 3822319, at *3 (D. Haw. June 19, 2015) (rejecting plaintiff's argument that a continuing violation doctrine applies to his § 1132(c) claim because that theory applies where there are multiple *violations* as opposed to ongoing *harm* caused by a single violation); *Gregory v. Goodman Mfg. Co.*, No. 4:10-cv-23, 2011 WL 2006343, at *6 (E.D. Tenn. May 2, 2011) (holding the continuing violations doctrine does not apply to plaintiff's § 1132(c) claim); *Piercefield v. Int'l Truck & Engine Corp.*, No. 1:05-cv-1873, 2006 WL 2263985, at *3 (S.D. Ind. Aug. 7, 2006) (rejecting plaintiff's argument that the nature of a *per diem* penalty supports the application of a continuing violation doctrine to a notice requirement violation). And while the post-*Tibble* cases cited do not specifically address the Supreme Court's decision in *Tibble*, it does not necessarily follow, as plaintiff posits, that all of these cases are "simply *wrong*" [Doc. 28 p. 4]. Indeed, the omission of any discussion of *Tibble* in these cases is not surprising considering *Tibble* arose in a different context and, as the magistrate judge concluded and this Court explains herein, is sufficiently distinct from the instant case such that it does not offer instruction here.

4

Without any authority supportive of applying that theory in this context, plaintiff's argument depends upon his analogizing the instant case to *Tibble*. In this regard, plaintiff argues that *Tibble*'s accrual concepts are fitting here because the failure to provide information alleged here is similar in nature to the breach of fiduciary duty in *Tibble*. Specifically, he argues that these harms involve continuing inaction as opposed to "pinpointable decisions or transactions" [Doc. 28 p. 3]. But this argument relies on somewhat of a false dichotomy. While the Court agrees that the harm alleged here, like that in *Tibble*, arises out of defendant's inaction, it does not follow that there is no "pinpointable" date upon which a cause of action under § 1132(c) for penalties accrued. Indeed, the penalty provision provides such a date by design. As the magistrate judge aptly noted in distinguishing the nature of the common law fiduciary duty explained in *Tibble* from that of a plan administrator's obligation under § 1132(c): "The plan administrator's obligation to furnish the requested information arises on a date certain, and the potential penalties run from that specific date. The statute of limitations (one year in Tennessee) begins to run from a specific date 30 days after the request is made provided that the administrator fails to comply with the request" [Doc. 27 p. 8]. In this respect, the failure to provide information alleged here is distinguishable from the breach of fiduciary duty in *Tibble*.

Plaintiff disagrees with this conclusion, that is, that the way in which the penalty provision operates belies his argument [Doc. 28 p. 5]. Plaintiff argues that, because the penalty provision does not impose a one-time penalty for failing to furnish requested

5

information, but instead, imposes a penalty for each day the administrator fails to furnish requested information after thirty (30) days, the statute creates an ongoing obligation similar to the fiduciary duty discussed in *Tibble*, and therefore, the continuing violation theory should apply [*Id.*]. Plaintiff further notes that the statute provides no end date to the administrator's obligation and argues that it "cannot be" that "so long as [defendant] waits 366 days, the liability imposed by 29 U.S.C. § 1132(c)(1) *vanishes*" [*Id.*]. Unfortunately for plaintiff, where a plan administrator waits 366 days to furnish requested information and the participant fails to bring a claim under § 1132(c)(1) within that time,[3] liability does "vanish" in that the claim is time-barred. To conclude otherwise would mean that the statute of limitations would never run on a § 1132(c)(1) claim. A plaintiff who did not receive requested information could wait years, accumulating up to $100 per day, without any applicable limit. Such a conclusion depends on a highly improbable reading of the penalty provision. Instead, the Court reads § 1132(c) as penalizing a single violation and providing for continuing damages, not a continuing serious of violations giving rise to damages daily. For these reasons, plaintiff's analogy to *Tibble* and his suggestion that the penalty provision is not intended to be subject to a limitations period is not persuasive.

In sum, after a *de novo* review of the issues raised in plaintiff's objection, the Court agrees with the magistrate judge's finding that the continuing violation theory discussed in

---

[3] Plaintiff does not dispute the magistrate judge's conclusion that the applicable statute of limitations in Tennessee is one (1) year [Doc. 27 p. 5 (citing Tenn. Code Ann. § 28-3-104(a)(1)(C); *Gregory*, 2011 WL 2006343, at *5))].

*Tibble* does not apply to plaintiff's § 1132(c) claim. Plaintiff's first objection is therefore **OVERRULED**.

### B. Penalties for Limitations Period

Next, plaintiff, citing to *Gregory v. Goodman Manufacturing*, No. 4:10-cv-23, 2012 WL 685298 (E.D. Tenn. Jan. 13, 2012), objects to the magistrate judge's failure to award penalties under § 1132(c) for defendant's alleged failure to furnish requested information during the one-year period prior to the filing of his complaint [Doc. 28 p. 5–7]. Plaintiff argues that "[w]hile the statute of limitations may have, at that time, barred recovery for periods longer than the duration of the statute of limitations post-accrual, it decidedly did not completely bar plaintiff's recovery [in *Gregory*] (as [defendant] is attempting to argue now)" [Doc. 28 p. 6].

In *Gregory*, the magistrate judge found that a *per diem* penalty under § 1132(c)(1)(B) was warranted and awarded plaintiff $45,430.00 accordingly. *Id.* at *7–8. The magistrate judge calculated this figure by looking back in time from the date of plaintiff's filing of his § 1132(c) claim, which was April 14, 2010, for claims accruing within the applicable one-year statute of limitations, i.e., on or after April 14, 2009. *Id.* at *7. Because the plaintiff in *Gregory* had requested documents from the defendant on March 24, 2009, the magistrate judge determined that plaintiff's claim accrued on April 23, 2009, thirty (30) days after the plaintiff's March 24th request. Because the claim accrued on a date (April 23, 2009) that fell within the limitations period (on or after April 14, 2009) and was 413 days before defendant provided the requested documents, the court

7

determined that payment of $45,430.00 in penalties ($110 multiplied by 413 days) was warranted.

Plaintiff is correct that the statute of limitations did not completely bar the plaintiff's recovery of § 1132(c) penalties in *Gregory*. But this is because the plaintiff in *Gregory* raised his § 1132(c) claim within one (1) year of the claim's accrual. Plaintiff here did not. As did the magistrate judge in *Gregory*, looking back in time from the date of plaintiff's filing of his § 1132(c) claim (September 3, 2019) for a claim accruing within the applicable one-year statute of limitations (i.e., on or after September 3, 2018), the Court, as did Judge Steger, finds none. As explained in the R&R, any potential § 1132(c) claims by plaintiff accrued on September 11, 2017, and November 29, 2017, each thirty (30) days after plaintiff's August 11th and October 30th requests, respectively, and each well before September 3, 2018. So, plaintiff's § 1132(c) claim is "completely bar[red]," but the suggestion in plaintiff's objection that this conclusion is in any way in tension with *Gregory*, where the plaintiff's § 1132(c) claim was timely raised, is rejected.

The Court also notes its disagreement with plaintiff's contention that this conclusion serves to award defendant with "a retroactive 'free pass'" for its alleged failure to furnish requested information [Doc. 28 p. 7]. The penalty provision is clearly designed to do just the opposite: it incentivizes plan administrators to timely comply with requests for information by assessing penalties for a failure to do so. However, the incentives created by the penalty provision do not override the policy considerations served by the application of the statute of limitations. While the application of the statute of limitations to bar a

8

claim for penalties will often be harsh in that it denies access to the courts to plaintiffs with possibly meritorious claims for penalties, any windfall to defendant resulting from plaintiff's claim being adjudged time-barred is a result of *plaintiff's* failure to timely raise his § 1132(c) claim after *plaintiff's* request for information, not any action or inaction by *defendant*.

In sum, because plaintiff failed to raise his § 1132(c) claim within the limitations period, his claim is time-barred, and *Gregory* does not entitle plaintiff to an award of penalties on a time-barred claim for any inaction by defendant during the year preceding his filing. For these reasons, this objection is **OVERRULED**.

### C. Dismissal Versus Stay

Lastly, plaintiff objects to the magistrate judge's recommendation that plaintiff's claim for benefits be dismissed without prejudice rather than stayed pending exhaustion of administrative remedies [Doc. 28 p. 7–9]. Plaintiff argues that the cases cited by the magistrate judge in support of his decision to recommend dismissal are distinguishable because those cases did not involve an unopposed request for stay [*Id.* at 7]. But, of course, the existence of an unopposed request for a stay in this case does entitle plaintiff to a stay. *See Nken v. Holder*, 556 U.S. 418, 433 (2009) ("A stay is not a matter of right, even if irreparable injury might otherwise result."). Rather, as plaintiff acknowledges, the decision whether to stay a case falls "within the Court's broad grant of discretionary authority" [Doc. 28 p. 8]. *See also id.* (describing a stay as "an exercise of judicial discretion" and noting that "[t]he propriety of its issue is dependent upon the circumstances of a particular

9

case"); *D'Amico v. CBS Corp.*, 297 F.3d 287, 293 (3d Cir. 2002) ("The decision of whether to grant a stay is entirely within the District Court's discretion." (citing *Lindemann v. Mobil Oil Corp.*, 79 F.3d 647, 651 (7th Cir. 1996))); *Beamon v. Assurant Emp. Benefits*, 917 F. Supp. 2d 662, 668 (W.D. Mich. 2013) (citing *Lindemann*, 79 F.3d at 651).

And with respect to the dismissal of ERISA claims without prejudice for failure to exhaust administrative remedies, district courts commonly do so, and the Sixth Circuit has sanctioned that approach. *See Borman v. Great Atlantic & Pacific Tea Co.*, 64 F. App'x 524, 528–29 (6th Cir. 2003) ("[T]he presiding judge, in his or her sound discretion, may . . . elect to *dismiss the ERISA causes of action without prejudice* because of the complainant's failure to discharge procedural requisites, thereby allowing the plaintiff an opportunity to correct those procedural defects by invoking the available intra-company claim dispute resolution mechanism, which in turn will empower the employer's administrative claim and review apparatus to potentially settle the conflict without recourse to the judicial system." (citing *Ravencraft v. UNUM Life Ins. Co. of Am.*, 212 F.3d 341, 344 (6th Cir. 2000))); *Weiner v. Klais & Co.*, 108 F.3d 86, 91 (6th Cir. 1997).

Here, because plaintiff concedes that he has not exhausted his administrative remedies and has not attempted to show extraordinary circumstances which excuse his failure to satisfy the exhaustion requirement (e.g., by showing that his resort to those remedies would be futile), the Court, finding such a disposition will not prejudice either party, will exercise its discretion to dismiss plaintiff's claim for benefits without prejudice. *Borman*, 64 F. App'x at 529 ("[T]he attempted circumvention of those procedures [i.e.,

10

exhaustion of administrative remedies] by a litigant ordinarily should not be tolerated."). Thus, after a *de novo* review, the Court find plaintiff's last objection is not well taken and is accordingly **OVERRULED**.

IV. **Conclusion**

For the reasons stated, the Court will order as follows:

- Plaintiff's objections [Doc. 28] to the R&R will be **OVERRULED**.

- The Court will **ACCEPT IN WHOLE** the R&R [Doc. 27].

- Defendant's first motion to dismiss [Doc. 9] will be **GRANTED**, and plaintiff's § 1132(c) claim will be **DISMISSED WITH PREJUDICE**.

- Defendant's second motion to dismiss [Doc. 21] will be **GRANTED**, and plaintiff's § 1132(a)(1)(B) claim will be **DISMISSED WITHOUT PREJUDICE**.

- The Clerk of Court will be **DIRECTED** to close this case.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE